■ MAHMOOD A. SHEIKH et al., Appellants, v HABIB BANK LIMITED, Respondent. [704 NYS2d 75] —Order, Supreme Court, New York County (Richard Braun, J.), entered October 20, 1997, which, to the extent appealed from as limited by the brief, granted defendant's motion for summary judgment dismissing plaintiffs' first and second causes of action, unanimously affirmed, with costs.

The court properly granted defendant's motion for summary judgment dismissing plaintiffs' claim that they were discriminated against during their tenure with defendant bank because they were local residents hired here, rather than Pakistani-based employees, and thus, because they were American,

rather than Pakistani, citizens. There is no legally cognizable discrimination cause of action based on citizenship (*see, Espinoza et Vir v Farah Mfg. Co.*, 414 US 86; *Cheung v Merrill Lynch, Pierce, Fenner & Smith*, 913 F Supp 248, 252). As to this claim, plaintiffs, therefore, failed to establish that they were members of the class protected by Executive Law § 296 (1) (a) (*see, supra*).

With regard to plaintiffs' claim that they were terminated because they were Sunni, rather than Shiite Moslems, plaintiffs established that they were members of a statutorily protected class. Defendant bank, however, by showing that plaintiffs' terminations were part of an economically motivated reduction-in-force, sufficiently provided nondiscriminatory reasons for these terminations (*see, O'Sullivan v New York Times*, 37 F Supp 2d 307; *Matter of Shiseido Cosmetics v State Human Rights Appeal Bd.*, 72 AD2d 711, *affd* 52 NY2d 916). We note that all three members of defendant's panel which recommended the terminations were themselves Sunni Moslems. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Buckley and Friedman, JJ.